IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MOUNT HOLLY PARTNERS, LLC; ARES FUNDING, LLC; and MARC JENSON,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>AMDS HOLDINGS, LLC; MHU HOLDINGS, LLC; RICHARD D. FLINT; and STEVEN J. VUYOVICH,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:09-CV-428 TC |

This case arises out of the impending sale of property in Beaver County, Utah.  Plaintiffs

Mount Holly Partners, LLC (Mount Holly), Ares Funding, LLC (Ares), and Marc Jenson filed a

motion for a temporary restraining order (TRO) and preliminary injunction on May 12, 2009,

seeking to enjoin a Trustee's Sale of the Beaver County property and property owned by Mr.

Jenson scheduled for May 15, 2009, and June 5, 2009.  The court granted the motion for a TRO,

pending full briefing of the motion and an opportunity for a hearing.  The court now VACATES

the TRO, DENIES the motion for a preliminary injunction, and STAYS the case pending arbitration.

## BACKGROUND

Mount Holly was formed by Ares and a third party, CPB Development, LLC (CPB), to develop a private ski and golf resort.  The location of this resort was to be a 2,000 acre plot of land (the Property) owned by Mount Holly.  In December of 2006, Defendant MHU Holdings, LLC (MHU) was brought in as an investor in Mount Holly.  Ares, CPB, and MHU entered into an Operating Agreement, which controlled the obligations of the parties regarding Mount Holly and the Property.  In particular, Section 5.7 of the Operating Agreement forbade the parties, and the parties' officers, managers and affiliates, from entering into a business transaction with Mount Holly.

Plaintiffs allege that, pursuant to the Operating Agreement, MHU owed Mount Holly certain funds and failed to make required payments.  Because MHU has not made these payments, Plaintiffs maintain that Mount Holly has been unable to meet its own financial obligations.  Plaintiffs also allege that an MHU affiliate, Defendant AMDS Holdings, LLC (AMDS), acquired all interest in a loan to Mount Holly that is secured by the Property in violation of Section 5.7.  Defendants do not deny that AMDS, a special purpose entity formed for the purpose of acquiring the loan, and MHU have some common ownership.  But they maintain the acquisition of the loan was required to prevent the previous owner from foreclosing due to Ares's mismanagement and malfeasance.

The Operating Agreement included a provision providing that the parties would submit to

2

arbitration for the resolution of any disputes arising out of the Operating Agreement.  In

compliance with that provision, Ares filed a statement of claim against MHU with the American

Arbitration Association on August 14, 2008.  AMDS issued a notice of default on the loan on

December 31, 2008 and Ares received the notice on January 12, 2009.  A trustee's sale of the

Property was scheduled for May 15, 2009 and Ares was notified of the scheduled sale on April 3,

2009.  Plaintiff Mr. Jenson also owns property that  is collateral for the loan and is being

foreclosed on by AMDS.  That property was scheduled for a trustee's sale on June 5, 2009.

On April 30, 2009, Ares asked the arbitration panel to grant an injunction stopping the

trustee's sales and maintaining the status quo until after the arbitration was completed.  The

issues briefed by the parties before the arbitration panel are generally identical to the arguments

raised before this court.  The arbitration panel issue a ruling on May 8, 2009, declining to grant

injunctive relief and concluding:

> It is the opinion of the Panel that full consideration of the factual and legal issues
> cannot reasonably be conducted in the time remaining before the Mary [sic] 15,
> 2009 trustee sale.  Whether there is fault to be assigned in the very late application
> for relief is irrelevant to the conclusion of the Panel that they will not grant the
> requested relief because it cannot reasonably be done in the time available.  The
> cost and time expended in resolving the many factual issues would duplicate to a
> large extent the merits hearing now scheduled for September of this year and is
> not justified in the circumstances.

(Decl. of Kevin S. Reed, Ex. H)

Plaintiffs then filed this suit asking the court to enjoin the trustee's sales of the properties

scheduled by the Defendants for May 15, 2009 and June 5, 2009.  The court granted the

Plaintiffs' request for a TRO pending the outcome of further briefing by the parties and a hearing.

## ANALYSIS

Before determining whether an injunction is warranted in this case, the court must first consider whether it has authority to issue such an order in light of the arbitration.  When parties have agreed to resolve disputes through arbitration, the Federal Arbitration Act requires that a court not proceed to trial.  9 U.S.C. § 3.  But, under both the terms of Section 9.15 of the Operating Agreement and Tenth Circuit precedent, this court does have authority to issue injunctive relief preserving the status quo pending the initiation of an arbitration.  Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726, 727-28 (10th Cir. 1988).  The Tenth Circuit has held that a preliminary injunction issued in an case scheduled for arbitration is only proper if it expires "when the issue of preserving the status quo is presented to and considered by the arbitration panel."  Id. at 728; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 215 (7th Cir. 1993) (holding that a district court may grant injunctive relief only until an arbitration panel can consider whether the temporary injunctive relief should remain in effect). This is because "an injunctive remedy that would deprive an arbitration panel of the full span of its broad authority over the parties and over all arbitrable issues would be contrary to the purpose and limitations of the Arbitration Act and transcend the court's power to preserve the prearbitration status quo."  Dutton, 844 F.2d at 728.

Here, the question of whether the status quo should be preserved pending arbitration was submitted to and considered by the arbitration panel.  The arbitration panel unquestionably had

the power to grant the relief sought if it so chose.[1]  Regardless of the panel's reasons for denying

the requested relief, it had the opportunity to maintain the status quo and chose not to do so.

Accordingly, granting the relief sought by the Plaintiffs is beyond this court's power to preserve

the status quo and must be denied.

Plaintiffs also argue that Mr. Jenson, the owner of one of the properties subject to a

trustee's sale, and AMDS, are not parties to the Operating Agreement or the arbitration and

therefore this court may issue an order enjoining them without depriving the arbitration panel of

its authority.  But the wrongful acts Plaintiffs allege AMDS committed arise out of the Operating

Agreement, specifically that it is acting in concert with MHU in violation of Section 5.7.  This is

precisely the issue to be decided by the arbitration panel and was presented in the application for

injunctive relief made to the arbitration panel.  Likewise, any relief available to Mr. Jenson arises

out of the terms of the Operating Agreement.  Issuing injunctive relief that is premised on

enforcement of the Operating Agreement would impermissibly invade the domain of the

arbitration panel that has already considered this question.

### CONCLUSION

Accordingly, the motion for a preliminary injunction is DENIED.  Defendants are ordered

to submit an affidavit describing the costs incurred in cancelling and rescheduling the May 15,

2009 trustee sale.  Plaintiffs shall have ten days to respond to any such submission.  After

---

[1]Rule 34 of the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures provide that "[t]he arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property."

considering the arguments of the parties, the court will issue an order releasing the bond at a future date.

SO ORDERED this 27th day of May, 2009.

BY THE COURT:

TENA CAMPBELL
United States District Judge