IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNT HOLLY PARTNERS et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AMDS HOLDINGS et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>Case No. 2:09-cv-00428-TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　The District Court Judge referred[1] Defendants' Application for Costs and Fees[2] to the Magistrate Judge to determine the amount Defendants may recover for having been wrongfully restrained. Plaintiffs obtained a Temporary Restraining Order (TRO) against a trustee's real estate foreclosure sale[3], but the TRO was dissolved[4] and the sale was reset and completed.[5]

INTRODUCTION

　　　　Defendants request that the court "release the full bond amount [$20,000] to Defendants and grant Defendants an award of its [sic] full costs and attorney's fees incurred in resisting the Preliminary Injunction and dissolving the Temporary Restraining Order."[6] Defendants outline dollar amounts associated with postponing the trustee's sale; attorneys' fees and costs for work performed in opposing Plaintiffs' temporary restraining order; interest on the $19,500,000

---

[1] Docket Text Order Referring Case to Magistrate Judge David Nuffer, docket no. 40 (no document attached), filed June 22, 2009.

[2] Defendants' Application for Costs and Fees, docket no. 35, filed June 10, 2009

[3] Order (TRO Order) at 1, 4, docket no. 9, filed May 13, 2009.

[4] Order and Memorandum Decision at 1-2, 5-6, docket no. 31, filed May 27, 2009.

[5] Plaintiffs' Response to Defendants' Motion for Attorneys Fees and Costs (Opposing Memorandum) at 2, docket no. 37, filed June 17, 2009.

[6] Memorandum in Support of Defendants' Application for Costs and Fees (Supporting Memorandum) at 7, docket no. 36, filed June 10, 2009.

principal and extension fees for the one week period between the scheduled trustee's sale and the re-scheduled trustee's sale; attorney's fees associated with preparing the motion to stay pending arbitration and attorneys' fees associated with Defendants' Application for Attorney Fees and Costs.[7]  Defendants do not summarize the claims, but support them by the declarations of Richard D. Flint, Terence Leighton, Kevin S. Reed, Esq., and Mary Anne Q. Wood attached to their memorandum.  The total amount Defendants claim is either $507,869.30 or $171,435.90, depending on whether the calculated total costs and damages include (a) one week's interest on the loan amount and default penalties ($374,884.37) or (b) Defendant AMDS' cost of funds for the one week delay ($35,451.00).

The table below sets out each of the amounts requested by Defendants:

| **Direct Result of Postponement of Trustee's Sale** | | |
|---|---|---|
| Expenses to postpone sale.[8] | Travel time | $2,730.00 (7 hrs. at $390 per hour) |
|  | Time spent publically announcing postponement & related discussions | $390.00 (1 hr. at $390 per hour) |
|  | Mileage | $227.48 |
|  | Hotel | $120.22 |
|  | Meals | $47.83 |
| Total Postponement Expense |  | $3,515.53 |

---

[7] Supporting Memorandum; Declaration of Richard D. Flint, Exhibit A to Supporting Memorandum; Declaration of Terence Leighton, Exhibit B to Supporting Memorandum; Declaration of Kevin S. Reed, Esq., Exhibit C to Supporting Memorandum; Declaration of Mary Anne Q. Wood, Exhibit D to Supporting Memorandum.

[8] Declaration of Richard D. Flint at 2.

| **Opposing Motion for Preliminary Injunction** | | |
|---|---|---|
| Attorney fees associated with opposing Plaintiffs' Motion for Preliminary Injunction[9] | Reviewing pleadings, drafting opposition, reviewing background materials, legal research. | $13,942.50 (35.75 hours at $390 per hour) |
| Expenses associated with opposing Plaintiffs' Motion for Preliminary Injunction. [10] | Electronic research | $8,782.06 |
| | Document production & telephone charges | $525.21 |
| | Travel expenses | $4,391.16 |
| Attorney fees associated with opposing Plaintiffs' Motion for Preliminary Injunction[11] | | $76,605.00 |
| Attorney fees associated with drafting Motion to Stay & Memorandum in Support of Motion to Stay Pending Arbitration[12] | Prepare motion to stay | $2,300.00 (9.2 hours at $250 per hour) |
| | Assist on motion to stay | $675.00 (2.25 hours at $300 per hour) |
| Total PI Opposition Expense | | $107,220.90 |
| **Interest & Fees on Debt** | | |
| Interest and extension fees on $19,500,000 loan during the period of restraint[13] | Saddleback loan 24% interest rate on $19.5 principal and $40,733.00 per diem fee **or** the "cost of funds" | $374,884.37 **or** $38,451.00 |

---

[9] *Id.* at 3.

[10] Declaration of Kevin S. Reed, Esq. at 2.

[11] *Id.*

[12] Declaration of Mary Anne Q. Wood at 2.

[13] Declaration of Terence Leighton at 2.

| **Preparing Defendants' Motion for Attorneys' Fees and Costs** | | |
|---|---|---|
| Attorney fees associated with preparing the motion and application for fees[14] | Prepare affidavit of attorney fees and costs | $250.00 (1 hour at $250 per hour) |
| | Conference and review orders of the court | $150.00 (.4 hours at $375 per hour) |
| | Legal research, draft motion, review order and conference | $1,125.00 (4.5 hours at $250 per hour) |
| | Review/revise motion and conference | $925.00 (3.7 hours at $250 per hour) |
| | Conferences and memorandum | $150.00 (.4 hours at $375 per hour) |
| Total legal fees for Motion | | $5,575.00 |
| **TOTAL DAMAGES CLAIMED:** | | **$507,869.30 or $171,435.90** |

Plaintiffs' position is that the court may only award those amounts incurred in canceling and re-scheduling the trustee sale.[15] Plaintiffs admit responsibility for only $445.53, which is the sum of mileage, hotel and meal amounts.[16] Plaintiffs deny responsibility for the legal fees incurred in canceling and re-scheduling the trustee sale.

## HISTORY OF THE CASE

On May 11, 2009, Plaintiffs filed suit against Defendants asking the Court to enjoin a trustee's foreclosure sale of property in Beaver County, Utah scheduled for May 15, 2009.[17] On May 12, 2009, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin the trustee's sale.[18] On May 13, 2009, the Court granted Plaintiffs'

---

[14] Declaration of Mary Anne Q. Wood at 3.

[15] Opposing Memorandum at 2.

[16] *Id.*

[17] Complaint for Injunctive Relief, docket no. 2, filed May 11, 2009.

[18] Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction, docket no. 4, filed May 12, 2009.

request for TRO pending the outcome of further briefing and a hearing.[19] The TRO was issued under Fed. R. Civ. P. 65.  Rule 65(c) states:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

The Order granting the TRO (TRO Order) required Plaintiffs to post a $20,000 bond.  The TRO Order states:

> The court also finds that if Plaintiffs do not prevail in obtaining a preliminary injunction, they must pay Defendants the costs of organizing a new sale for the property. To ensure this obligation is met Plaintiffs must post a bond of $20,000 by 3:30pm on May 14, 2009. This order will not be in effect until after Plaintiffs have posted the bond.[20]

At the hearing to extend the TRO as a PI[21] on May 22, 2009, the Court vacated the TRO, denied the motion for PI, and stayed the case pending arbitration.[22]  On May 27, 2009, the trustee's sale took place at which Defendants purchased the property pursuant to a credit bid.[23]

On June 10, 2009, Defendants filed their application for costs and fees and the supporting memorandum.[24]  On June 17, 2009, Plaintiffs filed their response.[25]  On June 23, 2009, Defendants filed a reply memorandum[26]

---

[19] TRO Order at 1, 4.

[20] *Id.*

[21] Minute entry, docket no. 32, filed May 22, 2009.

[22] Order and Memorandum Decision at 1-2, 5-6, docket no. 31, filed May 27, 2009.

[23] Opposing Memorandum at ii.

[24] Defendants' Application for Costs and Fees, docket no. 35, filed June 10, 2009; Supporting Memorandum.

[25] Opposing Memorandum.

[26] Reply Memorandum in Support of Defendants' Motion for Attorneys' Fees and Costs (Reply Memorandum), docket no. 44, filed June 23, 2009.

## DISCUSSION

In determining the proper amount to award, the court looks to Fed. R. Civ. P. 65(c), the rule under which the TRO was issued, and the bond posted, and to the orders of the court.  "If a bond is posted, liability is limited by the terms of the bond or the order of the court that required the posting."[27]

The language in the TRO Order limits what can be collected from the bond amount.  The TRO Order states: "if Plaintiffs do not prevail in obtaining a preliminary injunction, they must pay Defendants *the costs of organizing a new sale for the property*."[28]  The expenses, including attorney fees, associated with giving notice of the postponed sale fall within "costs of organizing a new sale for the property."[29]  However, the other amounts do not fall within this language.  Defendants' expenses totaling $3,515.53 associated with the trustee's[30] travel time to Beaver, Utah to announce the postponement of the foreclosure sale, time spent publicly announcing the postponement and related discussions, mileage, hotel, and meals are to be awarded.

Defendants request that the attorneys' fees for opposing Plaintiffs' PI motion and for seeking a stay of this suit pending arbitration be awarded under a Utah state rule allowing recovery of attorneys' fees.  Defendants rely on *Ikon Office Solutions, Inc. v. Crook*[31] for the

---

[27] *Buddy Systems, Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1168 (9th Cir. 1976)(citing 11A Wright, Miller & Kane *Federal Practice and Procedure* § 2973); *see also Salvage Process Corp. v. Acme Tank Cleaning Process Corp.*, 104 F.2d 105, 106 (2nd Cir. 1939).

[28] TRO Order at 4 (emphasis added); *see also* Minute Entry, docket no. 25 (no document attached), filed May 13, 2009.

[29] *Id.*

[30] Reply Memorandum at 2, 3 (While it is not explicitly stated in the record, it appears that the attorney that traveled to Beaver was not just acting for the trustee, but was also the trustee.  Defendants refer to actions performed by the attorney, Richard D. Flint, as the actions of their trustee in their Reply Memorandum.  Specifically, on page 2 Defendants refer to the "$400 cost of *the Trustee* driving to Beaver County" (emphasis added) and on page 3, Defendants state "[a] trustee could have been anybody – an accountant, a title officer, or, as in this case, a *lawyer.*" (Emphasis added).   Whether Flint was trustee or attorney for the trustee, his fees are awardable.

[31] *Ikon Office Solutions, Inc. v. Crook*, 6 P.3d 1143 (Ut. App. 2000).

proposition that "costs and attorneys' fees incurred in resisting a preliminary injunction and dissolving a temporary restraining order are recoverable under Utah R. Civ. P. 65(c)(2)."[32] While costs and attorneys' fees may be recoverable under Utah state law, the court agrees with Plaintiffs that (a) Utah state law is not applicable and (b) Fed. R. Civ. P. 65 does not permit an award of attorneys' fees.[33]

"United States Courts have consistently held that attorney's fees are not an element of damages recoverable upon" a TRO bond issued under Fed. R. Civ. P. 65(c).[34] "When an injunction suit is commenced in federal court and an injunction bond is issued pursuant to Rule 65(c), local state law, with respect to recovery of attorneys' fees in an action on the injunction bond, has no application."[35]

Utah law does allow recovery of fees. Utah R. Civ. P. 65A(c)(1) states that "The court shall condition issuance of the order or injunction on the giving of security by the applicant, in such sum and form as the court deems proper, unless it appears that none of the parties will incur or suffer costs, *attorney fees* or damage as the result of any wrongful [TRO]" (emphasis added). Utah R. Civ. P. 65A(c)(2) further states "[t]he amount of security shall not establish or limit the amount of costs, including reasonable *attorney fees* incurred in connection with the [TRO]" (emphasis added). In contrast, Fed. R. Civ. P. 65(c) does not mention attorney fees but states "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the *costs and damages* sustained by any party found to have been wrongfully enjoined or restrained." (Emphasis added).

---

[32] Supporting Memorandum at 5-6.

[33] Opposing Memorandum at 5-6.

[34] *Heiser v. Woodruff*, 128 F.2d 178, 179 (10th Cir. 1944).

[35] *Fireman's Fund Ins. Co. v. S. E. K. Const. Co.*, 436 F.2d 1345, 1351 (10th Cir. 1971).

The TRO was obtained with a bond posted pursuant to the Federal Rules of Civil Procedure. Therefore, the bond is not subject to a claim for Defendants' attorneys' fees associated with opposing the motion for preliminary injunction and those associated with the motion to stay pending arbitration.

Defendants also request that costs associated with defending against the Plaintiffs' wrongfully obtained injunctive relief should be awarded. However, "[a]ttorneys' fees and legal expenses (other than court costs) spent by the injured party in resisting the injunction or otherwise, are not items for which recovery is permitted, under [Fed. R. Civ. P. 65]."[36] These costs and fees may be awarded in the event of an overall victory by Defendants, but they are not a proper award against the TRO bond. Further, Defendants are seeking an award of costs other than taxable costs, including:

| | |
|---|---|
| Electronic research | $8,782.06 |
| Document production & telephone charges | $525.21 |
| Travel expenses | $4,391.16 |

"Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant."[37] The foregoing "costs" claimed by Defendants are not *taxable* costs and are therefore not recoverable from the bond amount.

Lastly, Defendants request "interest on the $19,500,000 default,"[38] which is claimed to total "$374,884.37 in additional interest and default penalties."[39] This amount is not awarded for several reasons. First, interest is not mentioned in the language of the TRO Order. As mentioned above, the TRO Order states: "if Plaintiffs do not prevail in obtaining a preliminary

---

[36] *Monolith Portland Midwest Co. v. Reconstruction Finance Corp.*, 128 F. Supp. 824, 878 (S.D. Cal. 1955).

[37] 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2666 (3d ed. 1998).

[38] Supporting Memorandum at 2.

[39] Declaration of Terence Leighton at 2.

injunction, they must pay Defendants *the costs of organizing a new sale for the property*." Defendants have not shown that "interest and default penalties" are attributable to "organizing a new sale for the property" as required by the TRO Order. Defendants purchased the property at the rescheduled sale pursuant to a credit bid,[40] where Defendants had the opportunity to include in the purchase price any interest and default penalties which accrued during the period of restraint. Defendants controlled the amount they paid on their debt in their credit bid for the property.

## ORDER

IT IS HEREBY ORDERED that the Defendants' Application for Costs and Fees[41] is GRANTED IN PART. Defendants shall be paid $3,515.53 from the sum on deposit. Ten days after this order, the remainder of the bond is discharged and shall be returned to Plaintiffs.

Dated this ___ day of August, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[40] Opposing Memorandum at ii.

[41] Defendants' Application for Costs and Fees, docket no. 35, filed June 10, 2009.